# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LATRICE M. DIXON § | |
| § | |
| v. § | Case No. 2:15-CV-1769-JRG-RSP |
| § | |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

## MEMORANDUM OPINION

On June 13, 2014, Administrative Law Judge Bernard Porter issued a decision finding that Petitioner Latrice M. Dixon was not disabled within the meaning of the Social Security Act from March 30, 2012 through the date of the decision. Ms. Dixon, who was 49 with an 11th grade education and some nursing school at that time, was found to be suffering from severe impairments including bilateral carpal tunnel syndrome, cervical disc disease, hypertension, diabetes mellitus, angina pectoris, irritable bowel syndrome, depressive disorder, bipolar disorder, and anxiety disorder. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least March 30, 2012. Before that time she had worked as a certified nurse's aide, janitor, poultry processor, and material handler. She was not able to return to that kind of work.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform the full range of light work, as defined in the Social Security Regulations, except that she has the ability to lift twenty pounds occasionally and ten pounds frequently. She can sit, stand, and walk for six hours each. She can push and pull as much as she can lift and carry. She is limited to only occasionally

using hand controls or reaching overhead. She is limited to frequent handling, fingering and feeling, and can only occasionally climb ramps and stairs, and can never climb ladders or scaffolds, or crawl. She should not work around unprotected heights or moving mechanical parts, or in extreme temperatures. She can learn simple tasks and simple work-related decisions, but should have no more than occasional interaction with supervisors, co-workers, and the public. She requires a sit and stand option which allows the change of position at least every thirty minutes and that change of position would be a brief positional change lasting no more than three to four minutes at a time. Due to episodic symptomatology, she may be off task ten percent of the work day and may miss up to one day of work per month.

Considering Petitioner's age, education, work experience and RFC, the ALJ relied upon the testimony of a Vocational Expert and found that Petitioner had the residual functional capacity to perform jobs that exist in significant numbers in the national economy, such as "small products assembler," "conveyor line bakery worker," and "electrical accessory assembler" as these jobs are described in the Dictionary of Occupational Titles published by the Department of Labor. Petitioner appealed this finding to the Appeals Council, which denied review on September 15, 2015. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more

than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises three issues on this appeal:

1.  The ALJ erred in finding that Ms. Dixon's "cervical symptoms and limitations are not as severe [] she alleged."

2.  The ALJ's residual functional capacity ("RFC") finding is erroneous.

3.   The ALJ erred in finding that Ms. Dixon can perform work existing "in significant numbers in the national economy."

*Issue No. 1:*

Petitioner complains first that the ALJ erred in finding her complaints of pain and disability to not be credible in view of the medical evidence. Specifically, the ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. at 21. Petitioner complains that the ALJ relied in part upon her failure to follow treatment recommendations, whereas Petitioner asserts that the ALJ should have considered her financial problems in that context. The ALJ simply noted that the persistent failure to follow her treatment regimens, often missing many consecutive

3

appointments without contacting the doctors, could show that her symptoms were not as severe as she reported. Petitioner has not pointed to anything in the record to contradict this finding.

Petitioner does point to a conclusory record provided by Dr. Bunch, who saw her on not more than two occasions, and noted severe restrictions on her work capacity. Petitioner criticizes the ALJ for failing to account for Dr. Bunch's report, but later concedes that the report was not submitted to the ALJ, but rather was provided to the Appeals Council after the ALJ had issued his opinion. The Appeals Council found that the report did not warrant reconsideration of the ALJ's determination. A review of the extensive record supporting the ALJ's thorough opinion persuades the Court that the Appeals Council was correct.

Considering the record as a whole, the Court finds that substantial evidence supports the above findings and that they provide ample support for the ALJ to discount the very broad statements of disability by the Petitioner.

*Issue No. 2:*

Petitioner contends that the RFC of the ALJ was not supported by substantial evidence. Petitioner's brief makes clear that she is relying on the first issue as the basis for the attack on the RFC. The exertional aspects of the RFC adopted by the ALJ were expressly endorsed by Dr. Samaratunga, and the psychological aspects were endorsed by Dr. Thompson. More than substantial evidence supports the finding of the ALJ as to Petitioner's residual functional capacity.

*Issue No. 3:*

Petitioner's final challenge to the decision is that substantial evidence does not support the finding of the ALJ that she is able to perform work available in significant numbers in the national economy. Like the second issue, this third issue is based primarily on the argument put forward

on the first issue. The ALJ did not rely upon the "Grids" to determine whether jobs were available for Petitioner within the restrictions set forth in the RFC. Instead, the ALJ obtained the testimony of a vocational expert, Bonnie Ward, at the hearing. Petitioner was represented by able counsel at the hearing and there was no challenge to the expert's testimony. Accordingly, the Court finds that substantial evidence supports the finding that such employment exists within the national economy.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is AFFIRMED and this action is DISMISSED.

**So ORDERED and SIGNED this 28th day of March, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE